**FIRST NATIONAL BANK OF PITSBURG, OHIO, IN RE LIQUIDATION OF**

Ohio Appeals, 2nd Dist, Darke Co

No 553. Decided March 6, 1939

Jesse K. Brumbaugh, Greenville, for appellant.

Murphy & Staley, Greenville, for appellee.

## OPINION

By GEIGER, J.

This action is based upon a petition of John Riesley, the duly appointed and acting liquidating agent of the First National Bank of Pitsburg, Ohio, and a successor in trust of Albert D. Reese, who was receiver of the First National Bank of Pitsburg, Ohio, by virtue of an order of the Comptroller of the Currency.

It is alleged on the 13th of December, 1934, Reese as receiver filed his petition asking for authority to compromise the $1400 stock assessment against H. H. Spitler for the sum of $400 and that on the same day the Court of Common Pleas, without fully hearing the said matter and upon the representation of the receiver only, made an order authorizing the receiver to compromise said $1400 claim for $400. The petitioner alleges that the journal en-

try of December 13, 1934, should be vacated and set aside and held for naught for the following reasons, enumerating four, the fourth of which is the only one in question in this action and reads as follows:

"4. Because of fraud practiced by H. H. Spitler in obtaining the judgment and order of the Court of date of December 13, 1934, in that, at the time of the assessment of said stock liability the said H. H. Spitler had encumbered his real estate by fictitious mortgages, and had so concealed his property that the same could not be levied upon by execution for the sole and only purpose of avoiding said stock liability and assessment, and to the prejudice of the other stockholders who were similarly assessed.

That the said H. H. Spitler made said false and fraudulent representations, in that, he represented himself to be insolvent and wholly execution proof to the Receiver of said Bank at and prior to the time when the said Receiver made the representations as set forth in the petition herein, of date of December 13, 1934, when in truth and in fact he was the owner of certain personal property in an amount sufficient to satisfy the stock assessment liability. That the said H. H. Spitler obtained said purported order of compromise and settlement by reason of him giving to the said Receiver a false financial statement showing assets of $200.00 and liabilities amounting to $2300.00."

The petition prays for an order vacating the journal entry embodying the order of the court of December 13th and for other relief.

Service of summons was made and a motion was interposed by the defendant for an order quashing the service for the reason that Spitler was not a party to the original proceeding in which the petition was filed and is not a proper party to this petition and for the reason that no attempt was made to join Reese, the former receiver, as a party. The Court overruled this mo-

tion and exceptions were reserved.

A motion was made for an order to strike the petition of Riesley, the liquidating agent, from the files for the reasons

(1) That there was no authority for the maintenance of this action.

(2) That the petition discloses that the petitioner is a liquidating agent, not a receiver.

(3) That the liquidating agent is not the successor of Albert D. Reese, receiver, and that the trusts represented by each are wholly different and separate.

(4) That the only person qualified to maintain an action in an involuntary liquidation of a National Bank is a receiver.

(5) That all debts of the bank have been paid and that the compromise complained of was the act of Reese, the receiver, whose trust was completed and terminated upon the appointment of the liquidating agent and who alone had authority to compromise this claim and further that the stockholders in electing a liquidating agent had released the receiver from his acts.

This motion was overruled and exceptions reserved.

The defendant then demurred to the petition on the ground that the plaintiff has no capacity to sue and petition does not set out facts sufficient to constitute a cause of action and are insufficient to entitle the plaintiff to the relief prayed for.

The demurrer was likewise overruled and exceptions noted.

Thereupon the defendant, Spitler, answered admitting that Reese as receiver filed his petition asking for authority to compromise a $1400 stock assessment claim for the sum of $400 and that the cause was submitted to the Court, the Court entering an order authorizing Reese to settle and compromise the claim for $400 and that thereupon the cause, case No. 28357, was dismissed with prejudice.

Upon trial the Court found in favor of the plaintiff and against Spitler the defendant and it was ordered that the

order made by the Court on the 13th day of December, ordering Reese as receiver, to compromise cause No. 28196, be and the same is set aside and held for naught and that the application of the receiver to compromise the claim is denied. There being a request for a separate finding of fact and law, the Court finds the facts substantially as follows: that Spitler at the time of the closing of the First National Bank of Pitsburg, Ohio, was the owner of 14 shares of stock and that Reese as receiver filed the suit, being cause No. 28196, to collect the super-added liability; that said Spitler, for the purpose of obtaining a settlement, made a financial representation to the receiver indicating insolvency; that prior to the representation he had made a mortgage on his property for $6000 without any consideration; that the representations made by him to Reese were untrue and at the time he made the financial statement he had sufficient money or property to pay the super-added liability and that by reason of said representations the cause was settled for the sum of $400.

As a matter of law the Court finds that the representations constituted fraud upon the receiver and upon the Court and that as a matter of law there is no question of the liability of Spitler on the claim for the super-added stock liability and that a restoration of the $400 is not necessary.

To these findings Spitler excepted and filed a motion for new trial, which was overruled, the Court ordering in the entry overruling the motion for new trial that the order made on the 13th of December, 1934, ordering the receiver to compromise the claim is set aside and held for naught and that the application of the receiver to compromise the claim is refused and denied.

Notice of appeal was given on questions of law. A Bill of Exceptions is presented which clearly shows that Spitler, as a matter of fact, for the purpose of securing a settlement for less amount than his stockholder's liability, falsely represented to the receiver his financial condition and that as a result of such false representation the receiver asked permission of the Court to settle the cause for $400 instead of for $1400, his liability as a stockholder. It further appears that the receiver was in fact deceived by the false representations.

Specifications of error are filed in this Court claiming that the Court erred in refusing to strike the petition; in overruling the demurrer and that the finding and judgment of the Court is contrary to law and the evidence and that the special finding of facts are not sustained and that there is error in the conclusion of law.

The argument of counsel for appellant centers largely around the claim that the action for super-added liability was brought by the receiver and that the receiver filed an application for authority to settle for $400 which was allowed by the Court; that Spitler was not a party to this application; that Reese the original receiver resigned and that Maher was appointed to succeed him and that the second receiver restored to the directors of the bank the remaining assets and that the stockholders elected a liquidating agent, John Riesley, the applicant in this case.

It is urged that the receiver before making a compromise was in full possession of any facts relating to the insolvency of Spitler and also that Riesley and various other directors, interested in the bank, were placed in possession of the facts as to Spitler's financial standing and of the claims made that he was attempting to avoid payment of his stockholder's liability and also that his statment did not correctly reflect his financial situation. It is pointed out that the settlement was made under the authority of Section 67, Title 12 of the United States Code and also that the applicant in this case is a liquidating agent deriving his authority in the manner provided in Title 12, Paragraph 197. It is admitted that the receiver has authority to maintain an action against stockholders for super-added liability, but that there is no authority for a liquidating agent to

maintain such an action because such agent can come into existence only after the creditors of the bank have been paid in full, a liquidating agent having no authority to pay creditors of the institution. It is claimed that Riesley as liquidating agent is not a proper party; that the receiver entered into the compromise and that neither the receiver nor his successor made any complaint about the settlement and that the receivership was terminated without any objection being made to the acts of the receiver. It is urged that since the liquidating agent does not represent the creditors, the only parties entitled to receive the proceeds from the settlement, he can not make complaint or challenge the order of the Court as having been obtained by fraud. It is asserted that there is nothing disclosed by the record that anything has been brought to the attention of Riesley, the liquidating agent, that was not fully known by Reese as receiver.

Argument of counsel for appellant might be summarized briefly to the effect that Reese as receiver was authorized to bring the action for the collection of the super-added liability; that he did so but under the authority of the Comptroller of the Currency he compromised a $1400 claim for $400 after being placed in full possession of the facts in reference to Spitler's asserted inability to respond to execution and that the present applicant has no authority, as a successor to the receivers, to bring the action as a liquidating agent.

Section 197 of Title 12 of the United States Code referring to banks and banking provides in substance, that whenever a bank shall have been placed in the hands of a receiver and when the Comptroller of the Currency shall have paid to each of the creditors, not including stockholders, the full amount of their claims, the Comptroller of the Currency shall call a stockholders' meeting to determine whether the receiver shall be continued or whether an agent shall be elected. In case the majority shall determine the receiver shall continue, the receiver will proceed with the execution of his trust. In case the meeting shall determine that an agent shall be elected the stockholders meeting shall elect such an agent. When a bond has been filed conditioned for the payment of every claim that may thereafter be proved before a competent court the Comptroller shall transfer to the agent all undivided or uncollected assets then remaining in the hands of the Comptroller or receiver and upon the execution and delivery to the agent, the Comptroller and the receiver shall be discharged from all liabilities to such bank and to each of the creditors and stockholders thereof. Upon receiving the transfer the person elected liquidating agent shall control and dispose of the assets and property of the bank, which he may receive, for the benefit of the shareholders and he may in his own name or in the name of such association sue and be sued and do all other lawful acts and things necessary to finally settle and distribute the assets and property in his hands and may compromise debts due the bank making report to the District Court.

We may assume that at the time of the election of the liqidating agent all claims against the bank were either paid or secured but that some of the funds necessary to pay the debts arose from the contribution of the stockholders of their full statutory lability. Under the broad powers granted to the liquidating agent to sue and be sued and do things necessary to finally settle the assets and property in his hands, we are of the opinion that after the final discharge of the receiver such liquidating agent would have a right to present this matter to the court who made the order authorizing the settlement. We have already pointed out that, in our judgment, the evidence amply supports the finding of the court that the settlement was obtained on account of the false representation of Spitler. We are therefore of the opinion that the Court committed no error in setting aside the compromise and in the same entry denying to the

receiver or to the successor liquidating agent the right to make said compromise. The matter now stands that there is a suit or possibly a judgment against Spitler for $1400. If the liquidating agent can recover from Spitler the portion which remains unpaid he may make proper distribution thereof.

Judgment of the Court below affirmed. Cause remanded for further proceedings.

HORNBECK, PJ and BARNES, J, conjur.